**E-FILED**
Friday, 01 July, 2016 10:21:22 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

KIMBERLY ALLEN-JONES, )
)
Plaintiff, )
)
v. ) No.: 16-2089-JBM
)
)
CITY OF DECATUR, *et al.*, )
)
Defendant. )

### MERIT REVIEW ORDER

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Kimberly Allen-Jones' claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

On September 25, 2015, Defendants Sergeant Closen and Officer Duffy, both with the Decatur, Illinois, Police Department, stopped a vehicle in which Plaintiff Kimberly Allen-Jones was a passenger.  Allen-Jones claimed that, after the stop, the vehicle's driver threw drugs out of the car's passenger window where she was seated.  Allen-Jones denies possessing drugs during the encounter with Sgt. Closen and Officer Duffy.

Although they never ordered her to exit the vehicle and although she was not engaging in any activity that would have warranted the use of force, Allen-Jones alleges that Officer Duffy forcibly removed her from the car and threw her onto the concrete ground.  Officer Duffy, then, began to choke her.  In fact, Allen-Jones alleges that Officer Duffy "choked her to death" and that she had to be revived when medical providers arrived at the scene.  For his part, Allen-Jones claims that Sgt. Closen used a taser on her without any reason to do so.  Finally, Allen-Jones claims that several Decatur Police Officers stood by and watched this violent encounter, but no one did anything to stop Sgt. Closen and Officer Duffy's attack.

2

Allen-Jones was subsequently arrest and taken to the Macon County Jail for possession of drugs and on other charges.  Allen-Jones has now filed this action under 42 U.S.C. § 1983 alleging that Defendants violated her Constitutional rights.

The Court finds that Allen-Jones Complaint states four claims.  *First*, Allen-Jones' Complaint states a claim against Sgt. Closen and Officer Duffy for false arrest in violation of her Fourth Amendment rights.  "To prevail on a claim of false arrest under the Fourth Amendment and § 1983, [a plaintiff] must show that he was arrested without probable cause." *Evans v. Gasca*, 2016 WL 1407695, * 4 (N.D. Ill. Apr. 11, 2016)(citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)).  Allen-Jones alleges that she did not possess any drugs that would have justified her arrest and that Defendants should have known this fact.  Nevertheless, they arrested her.  Accordingly, Allen-Jones' Complaint states a claim for unlawful arrest against Sgt. Closen and Officer Duffy.

*Second*, Allen-Jones' Complaint states a claim against Sgt. Closen and Officer Duffy for using excessive force during her arrest in violation of her Fourth Amendment rights.  "Claims of excessive force during arrest are analyzed under Fourth (not Eighth) Amendment jurisprudence." *Swift v. Rinella*, 2008 WL 4792700, * 2 (S.D. Ill. Oct. 31, 2008).  As the United States Supreme Court has explained, the test for determining whether an officer used excessive force in arresting or subduing a suspect or an arrestee is difficult to precisely define, but the ultimate test is one of reasonableness that requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment rights. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Assuming—as the Court must at this point in the litigation—that Allen-Jones's allegations are true, Sgt. Closen and Officer Duffy's acted unreasonable in exerting the amount of force that they did in arresting her.  According to Allen-Jones, she was not being combative;

3

nevertheless, Sgt. Closen tased her, and Officer Duffy choked her to the point of death. These allegations are sufficient to state a claim for excessive force.

*Third*, Allen-Jones' Complaint states a failure to protect claim against the John Doe Decatur Police Officers who witnessed her attack but did nothing to stop it. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). If Allen-Jones wants to litigate this claim, she will need to determine, through the discovery process, the identities of the Officers who were present and move for leave to amend her Complaint to specifically name those individuals.

*Fourth*, Allen-Jones' Complaint states a *Monell* claim against the City of Decatur, Illinois, for maintaining an unconstitutional policy or practice.

Finally, Allen-Jones' motion for appointment of counsel is denied. The Court cannot consider the merits of the motion until Allen-Jones shows that she has made reasonable efforts to find counsel on her own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This Court typically requires a litigant to attach the responses that he has received from lawyers declining the request to represent him. Allen-Jones has indicated that she contacted two attorneys who do not practice this type of law, but she has not attached the attorneys' responses declining representation, nor has she indicated that she has contacted other attorneys who do engage in civil rights litigation. Moreover, Allen-Jones has recently been released from custody, and therefore, she is not hampered in her search for representation as she once was.

Allen-Jones may renew her motion for counsel, but if she chooses to do so, she should attach the responses that he has received from the lawyers that she has contacted where those lawyers decline her request to represent her. In addition, Allen-Jones should set forth her educational level, work experience, her litigation experience (if any), and any other facts relevant to whether she is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED:**

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states four claims: (1) an unlawful arrest claim against Defendants Closen and Duffy; (2) an excessive force claim against Defendants Closen and Duffy; (3) a failure to protect claim against Defendant John Doe; and (4) a *Monell* claim against the City of Decatur, Illinois.  Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3.      The Court will attempt service on Defendants by mailing him a waiver of service. Defendants have 60 days from service to file an Answer.  If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a Defendant(s) who no longer works at the address provided by Plaintiff, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of

forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6.      Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.      Counsel for Defendants is hereby granted leave to depose Plaintiff.  Counsel for Defendants shall arrange the time for the deposition.

8.      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed**: **(1) to show Plaintiff's motion for appointment of counsel [6] as DENIED; (2) to show Plaintiff's motion for status [15] DENIED as moot in light of this Order; (3) to add John Doe as a party Defendant; (4)  to attempt service on Defendants pursuant the Court's standard procedures; and (5) to set an**

**internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this _30th_ day of June, 2016

_s/ Joe Billy McDade_
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE